**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Cleotha Montgomery,

Petitioner,

Case No. 14-cv-11603

v.

Judith E. Levy
United States District Judge

Jeffery Woods,

Defendant.

________________________________/

**OPINION AND ORDER DENYING THE PETITION FOR HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Following a jury trial in Wayne County Circuit Court, prisoner Cleotha Montgomery ("Petitioner") was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. In 2012, he was sentenced under Mich. Comp. Laws § 769.12 as a fourth habitual offender to seven to fifteen years' imprisonment, a concurrent term of three to fifteen years'

imprisonment, and a consecutive term of two years' imprisonment on those convictions, respectively. He filed his petition pursuant to 28 U.S.C. § 2254, raising a jury instruction claim. For the reasons set forth below, his petition for writ of habeas corpus is denied. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are also denied.

## I. Background

The relevant facts relied upon by the Michigan Court of Appeals, which this Court must presume are correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), are set forth below:

> Montgomery's convictions stem from an incident where he shot his adult nephew, Jeffery. After spending some time drinking with his nephew, Montgomery drove home with Jeffrey. Montgomery went into his home and Jeffrey remained in the car. Jeffery testified that he suddenly felt a pain in his stomach, and looked up to see his uncle standing on the porch steps yelling and pointing a rifle at him. Montgomery, who was threatening to kill Jeffery, then fired a second shot.
>
> Montgomery claimed that he shot Jeffery in self-defense. He testified that after they arrived at the house, Jeffery left the car and walked off somewhere while he remained in the car. According to Montgomery, Jeffery suddenly flung open the

> car door, pulled him out, and started "beating and choking" him. Jeffery eventually stopped and got back into the car. Montgomery said he went into the house, got a rifle, and returned to his front porch. He then ordered Jeffery to get out of the car. Montgomery testified that Jeffery made a grabbing motion, so he fired at the car because he wanted to scare Jeffery, but did not actually intend to shoot him. He said he again told Jeffery to get out of the car, but Jeffery again made a grabbing motion; so he fired once more, this time intending to shoot him.

*People v. Montgomery*, No. 309993, 2013 Mich. App. LEXIS 1047, at *1-2 (Mich. Ct. App. June 13, 2013).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, claiming that the trial court erred when it refused to instruct the jury that it could consider specific acts of violence by the victim. The Michigan Court of Appeals affirmed his convictions. *Id.* at *4-6. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Montgomery*, 495 Mich. 882, 882 (2013).

Petitioner thereafter filed this federal habeas petition, bringing the same claim that he did at the Michigan Court of Appeals—that the trial court erred when it refused to instruct the jury that it could consider specific acts of violence by the victim.

## II. Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a federal court can order habeas relief only if the state's adjudication of a claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). In applying these standards, this Court is to examine the holdings of the Supreme Court as they existed at "the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Court can, however, look to decisions of other courts to determine whether a legal principle has been clearly established by the Supreme Court. *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009); *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004).

## III. Analysis

Petitioner asserts that he is entitled to habeas relief because the trial court refused to instruct the jury that it could consider specific acts

of violence by the victim in assessing his claim of self-defense. Respondent argues that Petitioner's claim lacks merit.

To succeed on his claim, Petitioner must show more than that the instructions were undesirable, erroneous, or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury applied the instruction improperly. *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the trial record and the instructions as a whole. *Jones v. United States*, 527 U.S. 373, 391 (1999); *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72.

The Michigan Court of Appeals considered this claim on direct appeal and denied relief as follows:

> A criminal defendant is entitled to have a properly instructed jury. *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010). The trial court must "instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). The instructions must include all elements of the charged offense and must not exclude material issues, defenses, and theories if there is evidence to support them. Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. *People v Daniel*, 207 Mich App 47, 53; 523 NW2d 830 (1994).
>
> In general, self-defense excuses the use of force against another when force is necessary to defend against an attack. *Dupree*, 486 Mich at 707. A defendant is entitled to use deadly force in self-defense if he honestly and reasonably believes that his life is in danger or that there is a threat of serious bodily harm. *People v Heflin*, 434 Mich 482, 508-509; 456 NW2d 10 (1990); MCL 780.972. Specific instances of violence or aggression on the part of the victim, if known to the defendant, are admissible to prove that the defendant had a reasonable apprehension of harm. *People v Harris*, 458 Mich 310, 316-317, 319; 583 NW2d 680 (1998).
>
> Consistent with these principles, the trial court may give CJI2d 7.15(4), which instructs the jury that, in deciding whether the defendant feared serious physical injury or death, the jury may consider "all the circumstances,"

including "whether the defendant knew about any previous violent acts or threats made by the other person." Similarly, CJI2d 7.23 provides: "There has been evidence that the **[complainant/decedent]** may have committed violent acts in the past and that the defendant knew about these acts. You may consider this evidence when you decide whether the defendant honestly and reasonably feared for **[his/her]** safety." The trial court denied Montgomery's request to have the jury instructed consistent with CJI2d 7.23 and also omitted the "violent acts or threats" option from CJI2d 7.15(4).

At trial, Montgomery testified about past acts of violence that Jeffrey purportedly committed. He testified that Jeffery had used a gun to commit robberies and that he been "shooting" and "beefing" with a female acquaintance's sons. To the extent that the trial court determined that Montgomery was entitled to a self-defense instruction and there was evidence that Montgomery was aware of "previous violent acts or threats made by" Jeffery, the trial court erred by omitting these instructions. However, we conclude that any error in this regard was harmless.

Here, the evidence did not support Montgomery's self-defense instruction. According to Montgomery's own testimony, Jeffery attacked him with his hands and fists and then abandoned the attack. Indeed, he stated that Jeffery remained in the car after he went into his home. Instead of staying inside, Montgomery armed himself and then escalated the situation by going out onto the porch and threatening Jeffery. Because Jeffery had abandoned the initial fight and both parties had retreated to positions of safety, Montgomery became the initial aggressor when he

> chose to return and confront Jeffery with a gun. "[A]n act committed in self-defense but with excessive force or in which defendant was the initial aggressor does not meet the elements of lawful self-defense." *Heflin*, 434 Mich at 509.
>
> Moreover, although the trial court did not specifically instruct the jury to consider the fact that Montgomery knew about Jeffrey's past violent acts in deciding whether he honestly and reasonably feared that he was in danger of imminent serious injury or death, it did instruct the jury to "consider all the circumstances" of the incident, including how they appeared to Montgomery and the nature of Jeffery's threat. Because the trial court's error in instructing on self-defense benefited Montgomery and the instructions otherwise adequately protected his rights, we cannot conclude that any error warranted relief.

*People v. Montgomery*, No. 309993, 2013 Mich. App. LEXIS 1047, at *2-6 (Mich. Ct. App. June 13, 2013).

The Michigan Court of Appeals' decision was not unreasonable in finding that even if the trial court erred, Petitioner is not entitled to relief. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that the *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v.*

*Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit). Jury instruction errors, like other trial errors, are subject to harmless error analysis. *See, e.g., Hedgpeth v. Pulido*, 555 U.S. 57, 61-62 (2008) (instructing jury on multiple theories of guilt, one of which is improper, is subject to harmless error analysis); *Neder v. United States*, 527 U.S. 1, 9-11 (1999) (jury instruction that omits element of offense is subject to harmless error review).

Here, the Michigan Court of Appeals applied the correct law, and reasonably found that any error in failing to include the instruction regarding specific acts of violence by the victim was harmless. As noted by the state court, Petitioner actually presented evidence of the victim's past acts of violence. And the trial court instructed the jury to consider all of the evidence and circumstances and how the circumstances appeared to Petitioner at the time that he acted. Moreover, Petitioner's own testimony regarding the events disqualified him from the defense of self-defense under Michigan state law. Petitioner testified that he "had abandoned the initial fight and both parties had retreated to positions of safety," and he thus "became the initial aggressor when he

chose to return and confront Jeffery with a gun." Under Michigan law, "an act committed in self-defense but with excessive force or in which defendant was the initial aggressor does not meet the elements of lawful self-defense." *Heflin*, 434 Mich. at 509. The trial court's error did not have a substantial or injurious effect or influence on the verdict.

To the extent that Petitioner asserts that the alleged instructional error violated Michigan law, such a claim is not one on which federal habeas relief may be granted. *See, e.g., Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief is not warranted.

## IV. Conclusion

For the reasons set forth above, Petitioner is not entitled to federal habeas relief on his jury instruction claim and his habeas petition must be denied.

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Petitioner fails to make a substantial showing of the denial of a federal constitutional right. Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong, because Petitioner failed to show how incorrectly instructing the jury under the circumstances of this case rendered the trial fundamentally unfair. Thus the certificate of appealability is denied.

Finally, a court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). Here, Petitioner's appeal would not be taken in good faith, and leave to appeal *in forma pauperis* is denied.

Accordingly,

The petition for writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE.

A certificate of appealability is DENIED.

Leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

Dated: July 7, 2016
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager